UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL GANT** | **CIVIL ACTION** |
| **VERSUS** | **NO.** |
| **COMPLETE LOGISTICAL SERVICES,** **LLC;  and McDERMOTTINTERNATIONAL,** *in personam;* **and The McDERMOTT DB 50,** *in rem*. | **SECTION:** |

<u>**COMPLAINT FOR DAMAGES IN ADMIRALTY UNDER**</u>
<u>**THE JONES ACT AND THE GENERAL MARITIME LAW**</u>

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

The Complaint of **Michael Gant** (Plaintiff)**,** a person of full age, through undersigned counsel, respectfully avers:

The following are made defendants herein:

**a**. **Complete Logistical Services, LLC (CLS)**, a corporation which is registered and qualified to do business in this judicial district; has business offices in this judicial district; and regularly conducts business and derives business revenue in this district.

**b. McDermott International, Inc.** (**McDermott**), a corporation which is registered and qualified to do business in this judicial district; has business offices in this judicial district; and regularly conducts business and derives revenue in this judicial district.

**c.**     The **McDermott DB 50 (DB 50)**, a Panamanian Flagged dynamically positioned pipelay vessel of 8,369 gross register tons, IMO # 8503539, Call Sign 3FKI4, and its furnishings,

tackle, apparel and appurtenances, which was at all times pertinent owned and/or operated by **McDermott**, and which was employed in maritime commerce on the high seas.

### 2.

The claims set forth herein are Jones Act and General Maritime Law claims brought pursuant to **Rule 9(h)** of the Federal Rules of Civil Procedure.

### 3.

This Court has jurisdiction over the claims brought herein by the Plaintiff pursuant to 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1333 and 46 U.S.C. Sec. 30104.

### 4.

Venue in this District is proper pursuant to 28 U.S.C. Sec. 1391.

### 5.

At all pertinent times, defendants **McDermott** and **CLS** employed plaintiff Michael Gant as an Able Bodied Seaman and as a marine crewmember tasked to perform the classic duties of a seaman.

### 6.

On or about May 15, 2013, the plaintiff was assigned as a member of the marine crew of the **DB 50**.

### 7.

In the course of his duties as an able bodied seaman on the **DB 50**, the plaintiff was assigned to work in the vessel's anchor winch room.

**8.**

The anchor winch room was an unmaintained area of the ship in extremely poor condition, with significant rusting, large amounts of debris, and large volumes of uncontained hydraulic fluid on the deck.

**9.**

The walkways in the anchor winch room were obstructed by debris, such as grease diapers, as well as large steel anchor cables that ran across and crisscrossed the room in an unsafe and haphazard manner. The anchor cables could only be avoided by ducking or crawling underneath them, or jumping over them.

**10.**

Plaintiff was assigned to paint the bulkheads in the anchor winch room and the anchor winch room's mooring line stowage area.

**11.**

In the course and scope of his duties as a seaman and member of the **DB 50**'s marine crew, the plaintiff was required to traverse the anchor winch room near the end of his May 31 shift.

**12.**

While traversing the anchor winch room, plaintiff had to step off a catwalk in order to duck under one of the many steel anchor cables that haphazardly crisscrossed the room.

**13.**

While doing so, the plaintiff lost his footing, rolled his ankle under his foot, heard a loud crunch, and toppled to the ground.

**14.**

By June 1, plaintiff's ankle had swollen significantly, and he reported his injury to the boatswain and chief mate, who alerted the vessel's medic.

**15.**

Plaintiff was subsequently assigned to off-duty status and ordered to rest, elevate, ice, compress, and monitor his ankle for additional swelling.

**16.**

After two days, because plaintiff was still in pain and the swelling in his ankle had not subsided, he was sent to a doctor onshore, as recommended by the vessel's medic.

**17.**

The onshore doctor, selected by the plaintiff's employers, diagnosed the plaintiff with a severely sprained ankle.

**18.**

In spite of this diagnosis, the onshore doctor released the plaintiff to full duty.

**19.**

When plaintiff returned to the vessel, a safety meeting was held with the **DB 50**'s marine crew during which crew members discouraged from reporting accidents, reporting injuries, and discouraged the crew from filing or accepting worker's compensation if they were injured.

**20.**

Feeling pressured, plaintiff attempted to return to work and was given light duty for several shifts. He was in severe pain until the conclusion of his hitch.

**21.**

Several days later, plaintiff concluded his hitch and declined an offer for another hitch in order to give his ankle time to heal.

**22.**

As a direct result of the acts of negligence and unseaworthiness aforesaid and as detailed below, the Plaintiff suffered and continues to suffer pain and limited mobility requiring extended medical treatment and rehabilitation which continues presently. Additionally, as a direct proximate result of the injuries sustained in this incident, the Plaintiff is not physically able to perform the duties of an able-bodied seaman, and has been forced to turn down work as a result.

**23.**

The injuries the plaintiff has sustained are the result of the negligence of the defendants in the following non-exclusive particulars:

    a. Failure to properly maintain the **DB 50** and its appurtenances.

    b. Failure to provide the Plaintiff with a reasonably safe place to work;

    c. Failure to provide the Plaintiff with a necessary opportunity to recover from his injuries

    d. Failure to provide adequate medical care ashore, which exacerbated plaintiff's injury.

    e. Other acts of neglect which will be shown at the trial of this matter.

**24.**

The injuries plaintiff has sustained were also occasioned by the unseaworthiness of the **DB 50**, in the following non-exclusive particulars:

a.  Failure to ensure that the vessel in question was in all respects safe and fit for its intended purpose;

b.  Failure to properly maintain the vessel in question;

c.  Other instances of unseaworthiness of the vessels involved which will be shown at the trial of this matter.

To the extent that the above non-exclusive allegations of negligence and unseaworthiness overlap, they are pled concurrently.

**25.**

As a consequence of the events and occurrences described herein which have resulted in severe, painful, and disabling injuries, plaintiff Michael Gant is entitled to damages, including but not limited to: physical pain, suffering and mental anguish; related general damage losses; future and past medical care; lost earnings; and lost opportunity.

**26.**

Notwithstanding repeated demands, plaintiff's employers have willfully and callously failed to abide by their nondelegable duty to pay maintenance at an appropriate rate and honor their cure obligation. This failure has worsened plaintiff's medical condition, and has rendered the plaintiff impecunious, which in turn has caused plaintiff undue physical and economic hardship, as well as additional pain and suffering: all of which justifies an award of punitive damages.

**WHEREFORE**, the premises considered, plaintiff Michael Gant prays for judgment against the defendants McDermott and Complete Logistical Services, and in his favor such an amount as may be warranted by the circumstances, and for punitive damages in addition to the amounts claimed herein, attorneys' fees, and for all taxable costs and interest allowed by law.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

*s/ Rene F. Rocha, III*

_____

**RENE F. ROCHA III (#34411)**
909 Poydras Street, Suite 1625
New Orleans, LA 70112
Telephone:  (305) 989-8688

AND

**WILLIAMS LAW GROUP, LLC**

*s/ Conrad S.P. Williams, III*

_____

**CONRAD S.P. WILLIAMS III (#14499)**
J. CHRISTOPHER ZAINEY, JR. (32022)
MEREDITH DURHAM (33112)
JONATHAN WILLIAMS (34154)
435 Corporate Drive, Suite 101
Houma, LA 70360-2498
Telephone:  (985) 876-7595
Facsimile:   (985) 876-7594

**PLEASE SERVE:**

**COMPLETE LOGISTICAL SERVICES, LLC**
119 Enterprise Drive
Gretna, LA 70056

**MCDERMOTT INTERNATIONAL, Inc.**
757 N. Eldridge Parkway
Houston, TX 77079

Please withhold *in rem* service on the **McDERMOTT DB 50** at this time